# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LORENZO RICHIE,<br><br>                  Petitioner,<br>    v.<br><br>DIRECTOR NEVADA DEPT OF CORRECTIONS, et al.,<br><br>                  Respondents. | Case No. 2:18-cv-00613-APG-NJK<br><br>**ORDER** |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's renewed application (ECF No. 4) to proceed *in forma pauperis* and for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

The Court finds that petitioner cannot pay the filing fee. The application to proceed *in forma pauperis* (ECF No. 4) will therefore be granted, and petitioner will not be required to pay the filing fee.

---

[1] The Court notes that it has updated the caption to reflect petitioner's actual name, Lorenzo Richie. In its prior order, the Court captioned the case as it appeared on the petition. (*See* ECF No. 1-1). However, petitioner's subsequent filings and the state court records reflect that petitioner's name is Lorenzo Richie, not Richie Lorenzo. The Clerk of the Court will therefore be directed to update the docket sheet to reflect that the petitioner's name is Lorenzo Richie.

Turning to the petition, the Court notes first that petitioner filed his original petition on April 3, 2018, and an amended petition on May 3, 2018. (*See* ECF No. 5). Following review, the Court finds that petitioner must show cause why this action should not be dismissed as untimely as both petitions appear to have been filed after the expiration of the one-year statute of limitations.

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2).

Petitioner in this case challenges his state court judgment of conviction entered in Eighth Judicial District Court Case Number C-12-284324-1.[2] The judgment of conviction was entered on October 7, 2013. Petitioner filed a direct appeal, which was decided by the Nevada Supreme Court on June 11, 2014.[3] There is no indication that petitioner filed a petition for writ of certiorari with the United States Supreme Court. Accordingly, petitioner's conviction became final when the time for filing a petition for certiorari expired, on September 9, 2014. Absent a basis for tolling or delayed accrual, the federal limitation period thus began to run the following day, September 10, 2014.

On May 1, 2015, petitioner filed a state court petition for writ of habeas corpus. The trial court denied relief, and the Nevada Supreme Court affirmed, issuing remittitur on August 8, 2017.[4] From the records the Court has been able to review, the petition

---

[2] The Eighth Judicial District Court's docket may be accessed via https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0.
[3] *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=32385 (last visited May 11, 2018).
[4] *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=40736 (last visited May 11, 2018).

appears to have been a properly filed State petition for post-conviction or other collateral relief, and thus during the time in which it was pending the federal limitations period was tolled. Assuming the period was tolled during the pendency of petitioner's state habeas petition, the limitations period began to run again on August 9, 2017. As 234 days elapsed before petitioner filed his state court petition, the federal limitations period expired 131 days after August 9, 2017, or on December 18, 2017.[5] Petitioner's petition, filed on April 3, 2018, is thus apparently untimely. Petitioner therefore must show cause why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

---

[5] The state court dockets reflect no other postconviction motions or petitions were filed by petitioner at any time prior to the constructive filing date of the federal petition. There have been no intervening amended or corrected judgments of conviction filed in the district court.

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

Petitioner further is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

Finally, the amended petition in this case adds several claims that were not contained in the original petition. Petitioner is informed that to the extent any of the claims in the amended petition do not relate back to the original petition, he must show that the May 3, 2018 petition is itself timely – not just the April 3, 2018 petition – in order to pursue those claims. If petitioner succeeds in showing only that the April 3, 2018, petition is timely, he will not be able to pursue any claims in the amended petition unless they relate back to the April 3, 2018, petition.

IT THEREFORE IS ORDERED that petitioner's application (ECF No. 4) to proceed *in forma pauperis* is GRANTED. Petitioner shall not be required to pay the filing fee.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the petition (ECF No. 1-1).

IT IS FURTHER ORDERED that the Court defers consideration of any and all remaining deficiencies in the papers presented until after it has determined whether the action is timely in the first instance and will defer ruling on petitioner's motion for

appointment of counsel until after he has responded to the Court's show cause order. Petitioner therefore must respond to this show-cause order in proper person, without the assistance of counsel.

IT IS FURTHER ORDERED that, within thirty (30) days of entry of this order, petitioner shall show cause in writing why the petition should not be dismissed with prejudice as time barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show cause order must be detailed, specific as to time and place, and supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

IT IS FURTHER ORDERED that petitioner shall attach with his show-cause response copies of all state court written decisions regarding his conviction, including, but not limited to the state appellate decision on his state post-conviction appeal in No. 71514 in the state appellate courts.

Dated: May 14, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE