# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LORENZO RICHIE, a.k.a., RICHIE LORENZO,<br><br>                  Petitioner,<br>v.<br><br>DIRECTOR NEVADA DEPT OF CORRECTIONS, et al.,<br><br>                  Respondents. | Case No.: 2:18-cv-0613-APG-NJK<br><br>**ORDER DISMISSING CASE**<br><br>[ECF No. 6, 8] |

This is a *pro se* petition for writ of habeas corpus filed by a Nevada state prisoner. On May 14, 2018, I ordered petitioner Lorenzo Richie ("Petitioner") to show cause why his petition, filed three-and-a-half months after the expiration of the federal statute of limitations, should not be dismissed as untimely. ECF No. 6. Petitioner filed no response to my order. On September 17, 2018, I gave Petitioner a second opportunity to respond to the order to show cause. ECF No. 8. Petitioner again failed to respond, and the time to do so has expired. This action will therefore be dismissed as untimely and for failure to comply with my orders.

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2).

/ / / /

/ / / /

/ / / /

The petition in this case challenges a state court judgment of conviction entered in Eighth Judicial District Court Case Number C-12-284324-1.[1]  The judgment of conviction was entered on October 7, 2013.  Petitioner filed a direct appeal, which was decided by the Supreme Court of Nevada on June 11, 2014.[2]  There is no indication that Petitioner filed a petition for writ of certiorari with the Supreme Court of the United States.  Accordingly, Petitioner's conviction became final when the time for filing a petition for certiorari expired, on September 9, 2014. Absent a basis for tolling or delayed accrual, the federal limitation period began to run the following day, September 10, 2014.

On May 1, 2015, Petitioner filed a state court petition for writ of habeas corpus.  The trial court denied relief, and the Supreme Court of Nevada affirmed, issuing remittitur on August 8, 2017.[3]  Assuming the limitation period was tolled during the pendency of Petitioner's state habeas petition, the limitation period began to run again on August 9, 2017.  As 234 days elapsed before Petitioner filed his state court petition, the federal limitation period expired 131 days after August 9, 2017, or on December 18, 2017.[4]  Petitioner's petition in this case, filed on April 3, 2018, is thus untimely on its face.

---

[1] The Eighth Judicial District Court's docket may be accessed via https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0.

[2] *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=32385 (last visited Nov. 15, 2018).

[3] *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=40736 (last visited Nov. 15, 2018).

[4] The state court dockets reflect no other postconviction motions or petitions were filed by petitioner at any time prior to the constructive filing date of the federal petition.  There have been no intervening amended or corrected judgments of conviction filed in the district court, either.

Petitioner has ignored my orders to show cause why the petition might otherwise be considered timely. The petition is therefore dismissed with prejudice as untimely and for failure to comply with my orders.

IT IS THEREFORE ORDERED that this action is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Petitioner is denied a certificate of appealability, as jurists of reason would not find the dismissal of the petition for the reasons set forth above to be debatable or wrong.

IT IS FURTHER ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk shall make informal electronic service upon the respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for the respondents and directing a notice of electronic filing of this order to his office. No response is required from the respondents other than to respond to any orders of a reviewing court.

IT IS FURTHER ORDERED that the Clerk of Court shall enter final judgment and close this case.

Dated: November 19, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE